*US District Court*

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

26 MAR 24 AM 11: 31

OPPOSITION TO APPELLEE'S MOTION TO ABATE / MOTION TO DISMISS; REQUEST FOR LIMITED REMAND TO EQUITABLE FORUM, AND STAY OF DISTRIBUTIONS

Cornerstone

25-cv-04135 NYM

INTRODUCTION Appellant respectfully opposes Appellee's Motion to Abate/Motion to Dismiss. The trustee filed a Notice of Abandonment under 11 U.S.C. § 554(a) does not adjudicate competing claims to title, constructive trust, or equitable lien. The minor beneficiary named on the record, received no constitutionally adequate notice. Due process requires notice and an opportunity to be heard before legal rights are finally adjudicated. For these reasons the Court should deny dismissal, remand the matter to an appropriate equitable forum for resolution of ownership and equitable claims, enter a temporary stay of any distributions or transfers of the abandoned property pending resolution.

STATEMENT OF FACTS

1. Appellant appealed the bankruptcy court's order titled .
2. The trustee filed a Notice of Abandonment returning the property to the debtor's control:
3. The minor is not represented in the bankruptcy case No one to protect the minor's interests.
4. There are pending or imminent steps to distribute and transfer the abandoned property and its proceeds.
5. Appellant contends that title and equitable claims (including potential constructive trust or equitable lien claims) exist regarding the abandoned property and that adjudication of these claims is necessary to protect the minor's rights.

LEGAL STANDARD A party seeking dismissal for mootness bears the heavy burden of showing that no effective relief can be granted and that no live controversy remains. Due process guarantees notice and an opportunity to be heard before a court adjudicates legal rights; a judgment entered without constitutionally adequate notice may be void as to an absent party. Abandonment under 11 U.S.C. § 554(a) removes property from the bankruptcy estate but does not resolve competing claims to title or equitable remedies; § 554(d) preserves parties' rights to assert claims in appropriate fora.

ARGUMENT I. Remand to an Equitable Forum is Necessary Because Abandonment Is Not an Adjudication of Rights Section 554(a) effectuates abandonment of property from the estate when the trustee declines to administer it, but it does not adjudicate ownership or equitable interests. See 11 U.S.C. § 554(a), (d). The trustee's Notice of Abandonment therefore left live controversies about title, constructive trust, and equitable liens that must be resolved in an appropriate tribunal. Allowing final

distributions or dismissing this appeal would leave those disputes unresolved and could extinguish the minor beneficiary's rights without ever providing constitutionally required notice and an opportunity to be heard.

II. Due Process Requires Notice and an Opportunity to Be Heard for the Minor Beneficiary Where a party's legal rights may be adjudicated, due process requires notice reasonably calculated under the circumstances and an opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). The record here shows no notice to the minor and no appointment of counsel or guardian ad litem. A judgment or distribution that extinguishes the minor's interest without notice may be void as to the minor. The equitable remedy is remand for proceedings that provide notice and appointment of representation for the minor before distributions proceed.

III. Live Controversies Remain; Abandonment Does Not Moot Claims About Title or Equitable Remedies After abandonment, disputes about who holds title, whether a constructive trust or equitable lien applies, and entitlement to proceeds remain live controversies. Those issues are not extinguished by abandonment and are appropriately adjudicated in an equitable forum

. Remand ensures those controversies are resolved on the merits rather than allowing potentially void final dispositions.

IV. Equitable and Prudential Considerations Favor a Narrow Remand and a Stay A limited remand and temporary stay of distributions protect the minor and preserve judicial economy. Courts routinely use their equitable powers to protect minors and other vulnerable parties. A narrow remand to address three threshold matters — (1) constitutionally adequate notice to the minor and appointment of counsel or guardian ad litem if needed; (2) adjudication of competing claims to title and any constructive trust or equitable lien; and (3) resolution of entitlement to distributions — will remedy the due process defect without unduly disrupting finality or imposing undue burdens on the parties.

RELIEF REQUESTED For the foregoing reasons, Appellant respectfully requests that the Court enter an order that:

1. Denies Appellee's Motion to Abate/Motion to Dismiss;
2. Remands this matter to an appropriate equitable tribunal
3. Providing constitutionally adequate notice to the minor beneficiary and,
4. ; b. Adjudicating competing claims to title and any constructive trust or equitable lien claims; and c. Determining entitlement to distribution of any proceeds of the abandoned property;
5. Enters an immediate temporary stay of any distributions, transfers, or other actions with respect to the abandoned property or its proceeds pending completion of the remand proceedings;
6. Grants such further relief as the Court deems just and proper.

CONCLUSION Because abandonment under § 554(a) did not adjudicate the competing claims to the subject property, because the minor beneficiary received no constitutionally adequate notice and is unrepresented, and because live controversies about title and equitable remedies remain, the Court should deny Appellee's motion to dismiss, remand for limited equitable proceedings to protect the minor's rights, and enter a temporary stay of any distributions or transfers pending resolution.

Respectfully submitted, *[signature]* 3/04/05

CERTIFICATE OF SERVICE I certify that on [date], I served a true and correct copy of the foregoing Opposition on all parties of record via [method of service — CM/ECF / first-class mail / email].
[Signature block]

*14841 Dallas Pkw #350*
*Dalla TX 75054*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:

MICHELLE DEON LEE,

Debtor(s).

Bankruptcy Case No. 24-16918 KHT

Chapter 7

---

## ORDER GRANTING MOTION TO DISMISS

---

THIS MATTER comes before the Court on the Debtor's Motion to Dismiss Case (Docket #362, the "Motion") filed by the Debtor on January 22, 2026. The Court, being otherwise advised in the premises, and noting the absence of any objection thereto hereby

ORDERS that the Motion is GRANTED and this case is DISMISSED.  The Court

FURTHER ORDERS that the Clerk of the Court shall give notice of the dismissal of this case pursuant to and in accordance with Fed. R. Bankr. P. 2002(f) to all creditors and parties in interest using such addresses as are available in the record.

DATED this 24th day of February, 2026.

BY THE COURT:

*Kimberley H Ty*

Kimberley H. Tyson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

In re:                                              )
                                                    )
Michelle Deon Lee                                   )          Case No. 24-16918 KHT
                    *****0459                        )          Chapter 7
                                                    )
                                                    )

---

**TRUSTEE'S MOTION TO ABANDON REAL PROPERTY OF THE ESTATE**

---

Tom Connolly, Chapter 7 Trustee, requests an Order, pursuant to Fed.R.Bankr.P. 6007, abandoning real property of the estate listed below.  In support hereof, I state as follows:

1.      Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on November 20, 2024.  The case was converted to chapter 7 on February 28, 2025.  Shortly thereafter, I was appointed trustee.

2.      Property of the bankruptcy estate includes the following investment properties (the Properties"):

    1)  real property located at 5031 N. Quemoy Ct., Aurora, CO 80019;
    2)  real property located at 4328 Andes Way Denver CO 80249;
    3)  real property located at 25572 E 5th Place Aurora CO 80018; and
    4)  real property located at 15430 Fairway Dr., Commerce City, CO 80022.

3.      I am informed that the Properties are encumbered by purchase-money mortgages that are in default.  The Properties are also subject to significant unavoidable judgment liens. The secured lenders have been granted relief from stay and the Properties are currently in foreclosure.

4.      None of the Properties generate revenue.

5.      The estate has no funds with which to insure or secure the Properties.

6.      Accordingly, the Properties are burdensome and inconsequential value or benefit to the estate.

**WHEREFORE,** I respectfully request an Order granting my Motion to Abandon Real Property of the Estate and for such other and further relief as the Court deems just and proper.

Date: January 6, 2026.

/s/ Tom H. Connolly
Tom H. Connolly, Chapter 7 Trustee
PO Box 68
Lafayette, Colorado 80026
303-661-9292 ph
tom@connollytrustee.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 6, 2026, true and correct copies of the documents entitled **TRUSTEE'S MOTION TO ABANDON REAL PROPERTY OF THE ESTATE,** notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Michelle Deon Lee
16480 Fairway Dr
Commerce City, CO 80022
Leedreamgoddes@gmail.com

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Attorney Amanda K. Ashley via CM/ECF
Attorney Alison L. Berry via CM/ECF
Attorney Andrea Lynn Betts-Whalen via CM/ECF
Attorney Douglas W. Brown via CM/ECF
Attorney Robert Gregory Busch via CM/ECF
Attorney Aricyn Jaine Dall via CM/ECF
Attorney Heather Deere via CM/ECF
Attorney David W. Drake via CM/ECF
Attorney Abbey Ulsh Dreher via CM/ECF

Attorney Jeffrey Fleming via CM/ECF
Attorney Ciro A. Mestres via CM/ECF
Attorney Jeffrey B. Smith via CM/ECF
Attorney Rachael Swernofsky via CM/ECF
Attorney N. April Winecki via CM/ECF
United States Trustee via CM/ECF

/s/ Christy Bevel
Christy Bevel, Legal Assistant

2