US District Court

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

# MEMORANDUM REGARDING WHY THE JUDGMENT SHOULD BE VACATED OR HELD PREMATURE

14  PM 2: 19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-CU-04135

Bankr. No. 24-16918-KHT

IN RE: MICHELLE D. LEE,

Debtor.

MICHELLE D. LEE,

Appellant,

V.

Corporate Herr Leidy

Appellees.

## MEMORANDUM REGARDING MOOTNESS AND THE NEED TO VACATE OR RECONSIDER THE JUDGMENT reconsideration of dismissal

Appellant respectfully submits this memorandum to explain why the judgment should not be treated as final and why the appeal is not ripe for final resolution, or alternatively why the judgment should be vacated or reconsidered.

## I. ISSUE PRESENTED

Whether the judgment entered below should be vacated, reconsidered, or held ineffective where:

1. the case involved issues affecting a minor;
2. trustee-related issues remain unresolved;
3. a new successor interest accepted
4. a new declaration was submitted; and
5. subrogation issues were not resolved before final orders were entered.

## II. SUMMARY OF THE ARGUMENT

The judgment should not stand because the court entered final relief before all material issues were resolved. The case includes unresolved questions concerning a minor's interests, the status and authority of the trustee, the effect of a new successor, the validity of a new declaration, and whether subrogation rights were properly established. When these issues remain unresolved, any final judgment may be premature, incomplete, or subject to being set aside. A court should not enter a final order until the

parties with proper standing and authority are identified and all related legal interests are fully addressed.

## III. ARGUMENT

### A. A judgment should not be final where issues affecting a minor remain unresolved.

If the case involved a minor, the court had a duty to ensure that the minor's interests were properly protected before entering a final judgment.

A judgment entered before those issues were fully addressed may be premature because the court must resolve all material matters affecting the parties' rights. If the minor's interests were part of the dispute, then any final order entered without resolving those issues may be incomplete and subject to challenge.

### B. Trustee issues must be resolved before final orders can be entered.

If a trustee was involved, the court had to determine the trustee's authority, role, and whether the trustee had abandoned, accepted, or otherwise acted regarding the property or claims in question.

If the trustee's status was unclear or if abandonment occurred, then the court should have resolved those matters before entering a final judgment. A final ruling entered while trustee issues remain unsettled can affect standing, jurisdiction, and the proper ownership of claims.

### C. The acceptance of a new successor must be legally established before judgment.

If a new successor has stepped into the matter, the court must determine whether that successor was properly substituted, recognized, or authorized.

Until the successor issue is resolved, the court cannot be certain that the correct party is before it. Final orders entered before that determination may be defective because they may not bind the correct legal entity or may rely on an inaccurate party designation.

### D. A new declaration may change the factual and legal record.

If a new declaration was filed, the court should consider whether that declaration changes the record in a way that affects standing, ownership, authority, or the merits of the dispute.

A new declaration can be important if it addresses facts that were not previously before the court. If so, the court should not enter final judgment without first considering the impact of that declaration.

### E. Subrogation issues must be resolved before final relief is granted.

Subrogation concerns who has the right to enforce a claim or collect a debt after another party has paid or assumed the obligation.

If subrogation issues were unresolved, then the court may not have known which party had the proper legal interest to pursue the case. A final judgment entered before sorting

out subrogation may be improper because the court may have relied on the wrong party or an incomplete chain of rights.

## IV. RELIEF REQUESTED

For these reasons, Appellant requests that the Court:

1. find that the judgment is not final and should not be enforced;
2. vacate or reconsider the judgment;
3. remand for resolution of the unresolved issues involving:

    the minor,

    trustee status or abandonment,

    successor status,

    the new declaration, and

    subrogation; and
4. grant any other relief the Court deems just and proper.